NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| METROPOLITAN BANK & TRUST CO., | No. 08-16511 |
| Plaintiff-counter-defendant, | D.C. No. 2:01-cv-00622-LDG-LRL |
| v. | |
| DESERT VALLEY FINANCIAL LLC; et al., | MEMORANDUM [*] |
| Defendants-Appellees, | |
| PACIFIC BUSINESS CAPITAL CORP., | |
| Defendant-cross-claimant - Appellee    v. | |
| HUNTINGTON NATIONAL BANK, | |
| Counter-defendant - Appellant. | |

| | |
|---|---|
| METROPOLITAN BANK & TRUST CO., | No. 08-16758 |
| Plaintiff-counter-defendant, | D.C. No. 2:01-cv-00622-LDG-LRL |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

DESERT VALLEY FINANCIAL LLC; et al.,

         Defendants-Appellees,

PACIFIC BUSINESS CAPITAL CORP.,

         Defendant-cross-claimant -
Appellee,

   v.

HUNTINGTON NATIONAL BANK,

         Counter-defendant -
Appellant.

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Argued and Submitted November 5, 2009
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Metropolitan Bank & Trust Co. (Metropolitan) appeals from the district court's judgment for Pacific Business Capital Corp. (PBCC) after a bench trial on PBCC's conversion claim. We have jurisdiction under 28 U.S.C. § 1291. "We review the district court's findings of fact after a bench trial for clear error and its

conclusions of law *de novo*." *Friends of Yosemite Valley v. Norton*, 348 F.3d 789, 793 (9th Cir. 2003).  We affirm in part and reverse in part.

## I

To establish a defense under Uniform Commercial Code (U.C.C.) § 9-308(a),[1] Metropolitan needed to prove that without its own *actual* knowledge of PBCC's security interest, it (1) gave new value for the mobile home loan contracts (Home Loans) and (2) took possession of the Home Loans in the ordinary course of its business.  *See* U.C.C. § 9-308 cmt. 3; 9 Anderson on the Uniform Commercial Code § 9-308:7 (1999); *see also* Cal. Comm. Code § 1201(25)(c) (noting that "[a] person 'knows' or has 'knowledge' of a fact when he or she has actual knowledge of it.").  The district court incorrectly attributed Mountain Community Bank's knowledge to Metropolitan.  As the district court did not determine whether Metropolitan acted without actual knowledge of PBCC's

---

[1] Metropolitan and PBCC agree that the pre-revision version of the U.C.C. and the former provisions of the California Commercial Code control.

security interest with respect to the initial 128 Home Loans or the substitute Home Loans, we must reverse for it to make these findings.[2]

## II

The district court properly rejected Metropolitan's U.C.C. § 9-306(2) defense. To establish this defense, Metropolitan needed to prove the transactional documents between PBCC and Silver State Mobile Homes and Galaxy Financial Services (collectively, Silver/Galaxy) authorized Silver/Galaxy to sell Home Loans. The transactional documents authorized Silver/Galaxy to sell Home Loans only with PBCC's express written consent. The district court's apparent reading of section 2(f) of the Pledge Agreements as a prohibition against selling Home Loans without consent is consistent with the scope of the Pledge Agreements. It also matches the parties' course of conduct. As PBCC did not expressly consent to Silver/Galaxy's initial sale of 128 Home Loans to Mountain Community Bank - or

---

[2] If Metropolitan can establish on remand a U.C.C. § 9-308(a) defense as to the initial 128 Home Loans, the district court may need to reconsider whether Metropolitan gave new value for the substitute Home Loans by releasing security interests in the Home Loans it returned. *See* Cal. Comm. Code § 9105(1)(o); *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 1 U.C.C. Rep. Serv. 2d 1710 (W.D. Wash. 1986), *aff'd*, 841 F.2d 918 (9th Cir. 1988).

4

Silver/Galaxy's subsequent transfer of substitute Home Loans to Metropolitan - Metropolitan's U.C.C. § 9-306(2) defense fails.[3]

## III

Finally, the district court's damage award was not faulty or overstated.[4] First, under California Commercial Code § 9503, PBCC had a right to take possession of the Home Loans on April 3, 1998, the date Silver/Galaxy caused an "Event of Default" under the transactional documents by selling Home Loans without PBCC's consent. Second, the district court reasonably refused to reduce damages for returned Home Loans. To the extent these returned loans had any value, the value was realized, for the most part, by Silver/Galaxy and not PBCC. Third, the district court reasonably concluded the Home Loans' actual value at the time of conversion was at least equal to the amount Metropolitan originally paid for those loans.

Each party shall bear its own costs on appeal.

---

[3] Even if the transactional documents authorized Silver/Galaxy to sell Home Loans in the ordinary course of business without consent, the record supports the district court's factual finding that Silver/Galaxy did not sell - or subsequently transfer - the Home Loans in the ordinary course of its business.

[4] The district court will need to reconsider its damage award, of course, if it finds on remand that Metropolitan can establish a U.C.C. § 9-308(a) defense.

5

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.